# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In re: ) | |
| ) | Bankruptcy Case No. 23-60473 |
| RALPH LEON HAYES, ) | Chapter 13 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| RALPH LEON HAYES, ) | |
| ) | Civil Action No. 6:23-cv-00037-RSB |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| U.S. BANK TRUST and ANGELA M. ) | |
| SCOLFORO, ) | |
| ) | |
| Appellees. | |

_____

### APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
_____

**BRIEF FOR APPELLEE U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF LSF10 MASTER PARTICIPATION TRUST**

David M. Barnes, Jr., Esq. (VSB No. 86747)
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Ave., N.W., Suite 900
Washington, D.C. 20001
Tel: (202) 689-2885
Fax: (202) 689-2860
Email: david.barnes@nelsonmullins.com

*Counsel for Appellee U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF10 Master Participation Trust*

## **CORPORATE DISCLOSURE STATEMENT**

Pursuant to Fed. R. Bankr. P. 8012, Appellee U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF10 Master Participation Trust hereby files this statement identifying its parent company and any publicly held corporation that owns ten percent (10%) of its stock:

1. Although it is not a party outside its capacity as trustee of the above-referenced trust, Appellee U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF10 Master Participation Trust states that it is a wholly-owned subsidiary of U.S. Bancorp, a multi-state financial services holding company incorporated in the state of Delaware. U.S. Bancorp trades on the New York Stock Exchange under the symbol USB. No publicly-held corporation owns ten percent (10%) or more of the stock of U.S. Bancorp.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

JURISDICTIONAL STATEMENT ......................................................................................1

STATEMENT OF THE ISSUES PRESENTED ...................................................................1

STANDARD OF REVIEW ....................................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY..............................................2

ARGUMENT ..........................................................................................................................4

    I.    The Court Lacks Subject Matter Jurisdiction to Hear Debtor's Appeal Because It Was Not Timely Filed. ........................................................................... 4

    II.   Debtor's Appeal Is Mooted by Dismissal of the Bankruptcy Case and by Operation of Law. ..................................................................................................... 5

    III.  The Bankruptcy Court Did Not Abuse Its Discretion in Granting the Stay Relief Motion. ........................................................................................................... 7

CONCLUSION .....................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

*Bahnmiller v. Derwinski*,
923 F.2d 1085 (4th Cir. 1991) ................................................................................................ 5

*Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*,
843 F.3d 583 (4th Cir. 2016) .................................................................................................. 5

*Constructivist Found, Inc. v. Bonner*,
254 B.R. 863 (D. Md. 2000) ................................................................................................... 6

*Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*,
80 F.3d 895 (4th Cir. 1996) .................................................................................................... 2

*Glover v. Golden Trestle, LLC*,
No. 6:19-cv-940, 2019 WL 5264615 (D.S.C. Oct. 17, 2019) ................................................ 6

*Glover v. Golden Trestle, LLC*,
No. 6:19-cv-940, 2019 WL 5269081 (D.S.C. Sept. 18, 2019) ............................................... 6

*In re Bryson Props., XVIII*,
961 F.2d 496 (4th Cir. 1992) .................................................................................................. 1

*In re Epting*,
652 B.R. 134 (Bankr. D.S.C. 2023) ........................................................................................ 7

*In re Flynn*,
582 B.R. 25 (B.A.P. 1st Cir. 2018) ......................................................................................... 7

*In re Income Prop. Builders, Inc.*,
699 F.2d 963 (9th 1982) ......................................................................................................... 6

*In re LDN Corp.*,
191 B.R. 320 (Bankr. E.D. Va. 1996) .................................................................................... 8

*In re McGrath*,
No. 10-20530, 2011 WL 2116992 (Bankr. E.D. Va. Jan. 25, 2011) ...................................... 7

*In re Pandyne, Inc.*,
No. 96-30085-S, 1996 WL 33676729 (Bankr. E.D. Va. May 2 1996) .................................. 8

*In re Robbins*,
964 F.2d 342 (4th Cir. 1992) .................................................................................................. 2

*In re Schaffrath*,
214 B.R. 153 (B.A.P. 6th Cir. 1997) ...................................................................................... 9

Case 6:23-cv-00037-RSB   Document 7   Filed 10/13/23   Page 5 of 17   Pageid#: 95

*In re Stith*,
139 F.3d 892, 1998 WL 116164 (4th Cir. 1998) (table decision) .................................................. 6

*Iron Arrow Honor Soc'y v. Heckler*,
464 U.S. 67 (1983) ........................................................................................................................ 5

*Milic v. McCarthy*,
613 B.R. 642 (Bankr. E.D. Va. 2019) .......................................................................................... 4

*Nutraceutical Corp. v. Lambert*,
139 S. Ct. 710 (2019) .................................................................................................................... 4

*Pashby v. Delia*,
709 F.3d 307 (4th Cir. 2013) ........................................................................................................ 5

*United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*,
484 U.S. 365 (1988) ...................................................................................................................... 8

**Statutes**

11 U.S.C. §  1301(c) ..................................................................................................................... 9

11 U.S.C. § 349(b)(3) ................................................................................................................... 5

11 U.S.C. § 362(b)(3)(B) .............................................................................................................. 6

11 U.S.C. § 362(c) ........................................................................................................................ 5

11 U.S.C. § 362(c)(3) ................................................................................................................... 6

11 U.S.C. § 362(c)(3)(A) .............................................................................................................. 6

11 U.S.C. § 362(c)(3)(B) .............................................................................................................. 7

11 U.S.C. § 362(d) ........................................................................................................................ 8

11 U.S.C. § 362(d)(1) ................................................................................................................... 8

11 U.S.C. § 362(d)(2) ................................................................................................................... 8

28 U.S.C. § 157(b)(2)(G) .............................................................................................................. 1

28 U.S.C. § 158(a)(1) .................................................................................................................... 1

28 U.S.C. § 158(c)(2) .................................................................................................................... 4

U.S. Const. art. III, § 2, cl. 1 ......................................................................................................... 5

**Rules**

Fed. R. Bankr. P. 8002(a)(1) ........................................................................................................... 4

Fed. R. Bankr. P. 8002(d)(2)(A) ..................................................................................................... 4

## JURISDICTIONAL STATEMENT

Ralph Leon Hayes ("Debtor" or "Appellant"), the debtor in the above-referenced chapter 13 bankruptcy case ("Bankruptcy Case"), appeals the order of the United States Bankruptcy Court for the Western District of Virginia ("Bankruptcy Court") granting relief from the automatic stay and co-debtor stay (ECF No. 68) ("Stay Relief Order") in favor of Appellee U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF10 Master Participation Trust ("U.S. Bank" or "Appellee").

The Bankruptcy Court entered the Stay Relief Order on June 27, 2023. The Debtor filed his Notice of Appeal on July 14, 2023. The Bankruptcy Court had subject matter jurisdiction to enter the order pursuant to 28 U.S.C. § 157(b)(2)(G). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1).

## STATEMENT OF THE ISSUES PRESENTED

1. Whether Debtor is precluded from proceeding with the appeal that was not filed timely.

2. Whether the appeal is mooted by Debtor's voluntary dismissal of the underlying bankruptcy case or by operation of law.

3. Whether the Bankruptcy Court erred in granting U.S. Bank relief from the automatic stay.

## STANDARD OF REVIEW

Upon appeal, a "bankruptcy court's findings of fact are reviewed under the clearly erroneous standard . . . [and] its conclusions of law are reviewed *de novo.*" *In re Bryson Props., XVIII*, 961 F.2d 496, 499 (4th Cir. 1992). When there are issues that present both questions of law and fact, factual issues are reviewed by a clearly erroneous standard, and the legal conclusions derived therefrom are reviewed *de novo. See Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*,

80 F.3d 895, 905 (4th Cir. 1996).  A decision to lift the automatic stay under 11 U.S.C. § 362(d) is within the discretion of the bankruptcy judge, and this decision may be overturned on appeal only for abuse of discretion.  *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about December 8, 2005, Debtor and his co-debtor wife executed an Adjustable Rate Note in the original principal amount of $324,000.00 ("Note") and a deed of trust ("Deed of Trust" and collectively with the Note, "Mortgage") secured by real property located at 1107 Ashburn Drive, Forest, Virginia 24551 ("Property").  U.S. Bank is the holder of the Mortgage by certain assignments record with the Bedford County Circuit Court.

Debtor filed the underlying Bankruptcy Case on April 24, 2023.  The Bankruptcy Case was Debtor's second chapter 13 case filed within the preceding year.  Debtor filed a prior chapter 13 case in the Bankruptcy Court on July 13, 2022 (Case No. 22-60684) ahead of a duly noticed foreclosure sale scheduled for the same day.  Debtor's prior bankruptcy case was dismissed on September 19, 2022, for his failure to complete the required prepetition credit counseling course (*id.*, ECF No. 61).[1]

In his bankruptcy schedules, Debtor estimated the value of the Property at $525,000 (ECF No. 27, Schedule A/B).  Neither of Debtor's proposed plans (ECF Nos. 32 and 77) provided any treatment for or acknowledged the secured claim of U.S. Bank.  Notwithstanding U.S. Bank's omission from Debtor's proposed plans, Debtor never disputed that he failed to make any payments on the Note during the pendency of the Bankruptcy Case, that the Note was due for the April 2012 payment, or that the balance due of approximately $596,372.65 exceeded the Debtor's

---

[1] Debtor appealed the Bankruptcy Court's order dismissing his prior bankruptcy to this Court (Case No. 6:22-cv-00063), which ultimately affirmed the Bankruptcy Court's dismissal order and dismissed Debtor's appeal (*id.,* ECF No. 12).

estimated valuation of the Property.

On May 24, 2023, U.S. Bank filed a motion seeking relief from the automatic stay and co-debtor stay with respect to the Property (ECF No. 23) ("Stay Relief Motion"). On June 4, 2023, Debtor filed copies of pleadings (ECF No. 45) that he previously filed in lawsuits asserted against U.S. Bank in the Circuit Court of Bedford County, Virginia (Case No. CL22001587-01) and in this Court (Case No. 6:22-cv-00040), none of which bore any relevance to his bankruptcy case or the grounds for relief in the Stay Relief Motion. Two days later, on June 6, 2023, Debtor filed a pleading captioned "Debtor's Objection and Disputes Movant Motion for Relief from Automatic Stay" (ECF No. 47) that, similar to the previous filings, recited the same allegations Debtor had asserted in the state and federal court actions but did not address U.S. Bank's asserted grounds for relief from the automatic stay.

On June 22, 2023, the Bankruptcy Court conducted a hearing on U.S. Bank's Stay Relief Motion. Counsel for U.S. Bank and Angela M. Scolforo, chapter 13 trustee ("Trustee"), appeared at the hearing. Debtor did not appear at the hearing. Upon consideration of the record, applicable bankruptcy law, and the arguments of counsel, the Bankruptcy Court granted the Stay Relief Motion and lifted the automatic stay and the co-debtor stay with respect to the Property. The Bankruptcy Court entered the Stay Relief Order on June 27, 2023.

On June 29, 2023, Debtor filed a motion to extend the automatic stay (ECF No. 71). The Bankruptcy Court entered an order denying the motion on July 5, 2023 (ECF No. 81). In the order, the Bankruptcy Court ruled that the automatic stay terminated by operation of law on May 24, 2023, and concluded that "[t]he [Bankruptcy] Court is thus unable to extend the automatic stay pursuant to section 362(c)(3) further because section 362(c)(3) does not authorize extension of the stay after it has terminated."

On July 14, 2023, 17 days after entry of the Stay Relief Order, Debtor filed the Notice of Appeal (ECF No. 99). Thereafter, on August 30, 2023, approximately a month and a half after filing the Notice of Appeal, Debtor filed a new chapter 13 bankruptcy case in the Bankruptcy Court (Case No. 23-60473) in an effort to stop a foreclosure sale scheduled for that day. Also, on the same day as he filed the new bankruptcy case, Debtor filed a motion in the underlying Bankruptcy Case requesting dismissal (ECF No. 143). Based upon this motion, the Bankruptcy Court entered an order dismissing the Bankruptcy Case on September 21, 2023 (ECF No. 147).

## ARGUMENT

### I. The Court Lacks Subject Matter Jurisdiction to Hear Debtor's Appeal Because It Was Not Timely Filed.

Among the many reasons why Debtor's appeal should be dismissed, the most evident is that it was not filed timely. Under Federal Rule of Bankruptcy Procedure 8002, a notice of appeal must be filed with the bankruptcy court within 14 days after the appealed order is entered. Fed. R. Bankr. P. 8002(a)(1). Rule 8002's deadline is "mandatory and jurisdictional." *Milic v. McCarthy*, 613 B.R. 642, 647 (Bankr. E.D. Va. 2019). As clarified by the United States Supreme Court, "[w]here the pertinent rule or rules invoked show a clear intent to preclude tolling, courts are without authority to make exceptions merely because a litigant appears to have been diligent, reasonably mistaken, or otherwise deserving." *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019). Furthermore, Rule 8002(d)(2) states that the "bankruptcy court may not extend the time to file a notice of appeal if the judgment, order, or decree appealed from . . . grants relief from the automatic stay under § 362, 922, 1201, or 1301 of the Code." Fed. R. Bankr. P. 8002(d)(2)(A). This Court's jurisdiction to hear appeals of bankruptcy court orders is limited to those filed within the time provided by Rule 8002. *See* 28 U.S.C. § 158(c)(2).

As unequivocally reflected in the record, Debtor filed his Notice of Appeal more than 14

4

days after entry of the Stay Relief Order, thereby rendering the appeal untimely per Rule 8002. Rule 8002 precludes tolling of the time within which to file an appeal of bankruptcy court orders granting relief from the automatic stay. Thus, given that equitable tolling is not an available remedy here, Debtor's Notice of Appeal was not filed within the jurisdictional time limit mandated by Rule 8002. Accordingly, the appeal must be dismissed for lack of jurisdiction.

## II. Debtor's Appeal Is Mooted by Dismissal of the Bankruptcy Case and by Operation of Law.

Notwithstanding this Court's lack of jurisdiction to hear Debtor's appeal as untimely filed, the Court should dismiss the appeal as constitutionally moot on multiple grounds. Article III limits the jurisdiction of federal courts to "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. Under the case or controversy requirement, a federal court may exercise jurisdiction over a particular claim only if the claim remains "alive throughout the course of litigation, to the moment of final appellate disposition." *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 588 (4th Cir. 2016) (quoting *Bahnmiller v. Derwinski*, 923 F.2d 1085, 1088 (4th Cir. 1991)). "A case becomes moot, and thus deprives federal courts of subject matter jurisdiction, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013)). To survive an assertion that a claim is moot, a party must have suffered an actual injury that "can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).

By appealing the Stay Relief Order, Debtor seeks to return to the status quo before the Bankruptcy Court granted U.S. Bank's motion—that is, when the automatic stay under 11 U.S.C. § 362(a)(1) was effectively shielding Debtor from certain activities by creditors. But a dismissal order in a chapter 13 case dissolves the automatic stay. *See* 11 U.S.C. §§ 362(c), 349(b)(3). Thus, when the Bankruptcy Court dismissed Debtor's case, Debtor "'lost the protections granted by the

5

automatic stay,' regardless of whether the stay was properly lifted by the Bankruptcy Court." *Glover v. Golden Trestle, LLC*, No. 6:19-cv-940, 2019 WL 5269081, at *5 (D.S.C. Sept. 18, 2019), *report and recommendation adopted*, 2019 WL 5264615 (D.S.C. Oct. 17, 2019) (quoting *Constructivist Found, Inc. v. Bonner*, 254 B.R. 863, 865 (D. Md. 2000)).  As the Ninth Circuit Court of Appeals stated under analogous circumstances in *In re Income Prop. Builders, Inc.*, 699 F.2d 963 (9th 1982) (per curiam):

> [T]he automatic stay provided in 11 U.S.C. § 362(a) was dependent upon the operation of the bankruptcy law, and that law was pertinent only because of the existence of the proceeding in bankruptcy. . . . Any power that we have with respect to the stay is derived from our appellate power in bankruptcy matters. Once the bankruptcy was dismissed, a bankruptcy court no longer had power to order the stay or to award damages allegedly attributable to its vacation. A remand by us to the bankruptcy court would therefore be useless.

*Id.* at 964.  Accordingly, "whether the stay was properly lifted is moot because, even if the stay should not have been lifted, it terminated when the bankruptcy proceeding was dismissed." *In re Stith*, 139 F.3d 892, 1998 WL 116164, at *1 (4th Cir. 1998) (table decision).  By dismissing the Bankruptcy Case, Debtor mooted the underlying controversy giving rise to the appeal, and the Court must dismiss this appeal as moot.

Furthermore, as the Bankruptcy Court stated in its order denying Debtor's motion to extend the automatic stay, the automatic stay terminated by operation of law on May 24, 2023, pursuant to 11 U.S.C. § 362(c)(3).  Under 11 U.S.C. § 362(c)(3), the automatic stay expires 30 days after the filing of a case if the debtor had a case pending within the preceding one-year period that was dismissed other than under section 707(b).  11 U.S.C. § 362(c)(3)(A).  The bankruptcy court may extend the automatic stay past the 30-day period "after notice and a hearing completed before the expiration of the 30-day period."  11 U.S.C. § 362(b)(3)(B).

Prior to the Bankruptcy Case, Debtor filed another chapter 13 case on July 13, 2022 (Case

6

No. 22-60684) that was dismissed on September 19, 2022, less than a year before he filed the instant Bankruptcy Case on April 24, 2023. Consequently, any motion to extend the automatic stay was required to be filed and heard by May 24, 2023 (30 days after Debtor filed the Bankruptcy Case). Debtor's motion to extend the automatic stay was filed on June 29, 2023 (66 days after filing the Bankruptcy Case). Section 362(b)(3)(B) does not provide the Bankruptcy Court with any authority to extend the stay after it is terminated under section 362(c)(3)(A) if a hearing is not conducted before the expiration of the stay. *See* 11 U.S.C. § 362(c)(3)(B); *see also In re Flynn*, 582 B.R. 25, 31 (B.A.P. 1st Cir. 2018) (holding that bankruptcy court lacked discretion to extend the automatic stay after 30-day period expired); *In re Epting*, 652 B.R. 134, 136–37 (Bankr. D.S.C. 2023) (denying debtor's motion to extend the automatic stay because the court lacked authority to extend the temporary stay under section 362(c)(3)(B) after it expired); *In re McGrath*, No. 10-20530, 2011 WL 2116992, at *1 (Bankr. E.D. Va. Jan. 25, 2011) (same). Because Debtor failed to file a motion to extend the automatic stay prior to the prescribed 30-day period, extension of the automatic stay was barred statutorily irrespective of the Stay Relief Order.

### III. The Bankruptcy Court Did Not Abuse Its Discretion in Granting the Stay Relief Motion.

The Bankruptcy Code provides grounds for obtaining relief from the automatic stay under 11 U.S.C. § 362(d). U.S. Bank moved for relief from the automatic stay under section 362(d)(1) and (d)(2). As evidenced by the record and discussed herein, the Bankruptcy Court was within its discretion in granting U.S. Bank's Stay Relief Motion under both subsections.

Section 362(d) of the Bankruptcy Code provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court ***shall grant relief from the stay*** provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>     (1) ***for cause, including the lack of adequate protection*** of an interest in property of such party in interest;
>     (2) with respect to a stay of an act against property under subsection (a) of

7

> this section, if—
>> (A) ***the debtor does not have an equity in such property***; and
>> (B) ***such property is not necessary to an effective reorganization***[.]

11 U.S.C. § 362(d) (emphasis added).

Under section 362(d)(1), "cause" for relief includes "failure of the debtor to pay its secured creditor for a substantial period of time, whether prepetition or postpetition, coupled with a substantially unsupported proposal to satisfy the secured debt after plan confirmation." 11 U.S.C. § 362(d)(1); *see also In re LDN Corp.*, 191 B.R. 320, 324 (Bankr. E.D. Va. 1996); *see also In re Pandyne, Inc.*, No. 96-30085-S, 1996 WL 33676729, at * 4 (Bankr. E.D. Va. May 2 1996) (collecting cases for proposition that a debtor's failure to make payments to a secured creditor without a substantially supported proposal to satisfy the arrearage is sufficient cause under 362(d)(1) to lift the stay). U.S. Bank pled in its Stay Relief Motion, and Debtor did not dispute, that the estimated default on the Note as of May 5, 2023, was $311,320.83 and that the Note was due for the April 2012 payment. The record establishes that Debtor's prepetition failure to make payments on U.S. Bank's secured claim extended through the Bankruptcy Case.

Additionally, under section 362(d)(2)(A), a court shall grant relief from the automatic stay with respect to an act against property if the debtor does not have equity in such property. 11 U.S.C. § 362(d)(2). Given that the Debtor's estimated value of the Property was $525,000 and the approximate balance on the Note was $596,372.65, there was no equity in the Property to protect U.S. Bank's security interest. The burden therefore shifted to Debtor to establish that the Property is "necessary to an effective reorganization." *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375 (1988) (quoting 11 U.S.C. 362(g)). Debtor must show that "the property is essential for an effective reorganization that is in prospect [meaning] that there must be a reasonable possibility of a successful reorganization within a reasonable time." *Id.* at

376. By Debtor's own admission, he intended to sell the Property, belying any contention that the Property was necessary for Debtor to reorganize effectively. Further, Debtor did not dispute that the Property had no equity and did not provide for U.S. Bank's secured interest in either of his proposed chapter 13 plans.

The Bankruptcy Court also granted U.S. Bank relief from the co-debtor stay. Under section 1301(c), the court is mandated to lift the co-debtor stay when "the plan filed by the debtor proposes not to pay [creditor's] claim." 11 U.S.C. § 1301(c); *see also In re Schaffrath*, 214 B.R. 153, 155 (B.A.P. 6th Cir. 1997) ("11 U.S.C. § 1301(c) is mandatory, stating that the court shall grant relief from the stay when one of the three enumerated subsections applies.") As previously discussed, Debtor did not provide for treatment of U.S. Bank's secured claim in either of his proposed chapter 13 plans, thereby authorizing and requiring the Bankruptcy Court to lift the co-debtor stay.

Notwithstanding that Debtor failed to appear at the hearing and present any argument at the hearing on June 22, 2023, the record reflects that the Bankruptcy Court considered the various responses filed by Debtor (ECF Nos. 38, 45, 47, 48, and 55) in ruling on the Stay Relief Motion. Given the record and the facts before it, the Bankruptcy Court did not abuse its discretion in granting relief under 11 U.S.C. § 362(d)(1) and (d)(2).

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, U.S. Bank respectfully requests that the Court dismiss this appeal with prejudice or, alternatively, affirm the Bankruptcy Court's Stay Relief Order.

Dated: October 13, 2023

        Respectfully submitted,

        U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF10 Master Participation Trust

        By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Telephone: (202) 689-2800
Facsimile: (202) 689-2860
Email: david.barnes@nelsonmullins.com

By:   /s/ David M. Barnes, Jr.
      David M. Barnes, Jr., Va. Bar No. 86747

10

## **CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that on this 13th day of October 2023, a copy of the foregoing was served upon the following via CM/ECF:

Shannon T. Morgan
Office of the Chapter 13 Trustee
123 East Main Street, Suite 310
Charlottesville, VA 22902
*Counsel for Chapter 13 Trustee*

 I further certify that a copy of the foregoing was served upon the following by first-class mail, postage paid:

Ralph Leon Hayes
1107 Ashburn Drive
Forest, VA 24551

             /s/ David M. Barnes, Jr.
             David M. Barnes, Jr.

11